UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARCUS MCWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-1019 |
| | ) | |
| JB PRITZKER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated Illinois River Correctional Center, seeks to pursue a claim under the Equal Protection Clause of the Fourteenth Amendment.

A. <u>Merit Review</u>

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

On April 1, 2019, Governor Pritzker signed into Illinois law Public Act 100-1182. That law establishes an updated parole system for persons who commit an offense prior to reaching age 21. The act is not retroactive.

Plaintiff committed the offense that he is incarcerated on when he was 18 years old. He asserts that Public Act 100-1182 violates his rights under the Equal Protection Clause because he is a member of a class of persons who committed an offense prior to age 21, and yet are arbitrarily excluded from the benefits of the updated parole system.

"The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). Suspect classes receiving heightened Fourteenth Amendment protection are based on immutable characteristics, disabilities, or a history of unequal treatment. *Segovia v. United States*, 880 F.3d 384, 390 (7th Cir. 2018). To state an equal protection claim, a plaintiff must allege (1) membership in a protected class, (2) differential treatment compared to similarly situated members of an unprotected class, and (3) that the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017).

Plaintiff has not plausibly alleged membership in a protected class. Instead, he alleges that because the Illinois legislature chose not to make this statute retroactive, he

was treated differently than other members of *his same class* based on the implementation date of the statute.

Plaintiff also seeks to cast his claim as a class of one equal protection claim. "A class-of-one claim need not allege discrimination based on a suspect classification, but must allege that the plaintiff was singled out arbitrarily, without rational basis, for unfair treatment." *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010).

His class of one theory fails because there is no plausible inference that Plaintiff was singled out at all.

The Illinois legislature's decision not to make the law at issue retroactive does not violate the Equal Protection Clause. *See United States v. Johnson*, No. 07-10121, 2013 WL 12365488, at *4 (C.D. Ill. July 31, 2013) (explaining that when legislature declines to give retroactive effect to more-lenient sentencing laws, rational basis scrutiny is met by governmental interest in finality of sentences).

B. Motion to Request Counsel

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007). After this analysis, the court is "permitted to consider the strength or weakness of a plaintiff's claim," and "the recruitment of counsel is unwarranted if the plaintiff's 'chances of success are extremely slim.'" *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022).

Plaintiff has not shown a reasonable attempt to secure counsel without court intervention, nor has he shown he has been precluded from doing so.

Even had he, the Court would decline to search for volunteer counsel for Plaintiff here. Plaintiff has clearly articulated his claims and appears competent to present them. And because his claim is meritless appointment of counsel would be futile.

IT IS THEREFORE ORDERED:

1. Motion to Request Counsel [5] is DENIED.

2. Plaintiff's complaint, and this lawsuit, are dismissed for failure to state claim. Fed. R. Civ. Pro. 12(b)(6); 28 U.S.C. § 1915A. The Court finds further amendment would be futile.

3. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues Plaintiff wishes to present on appeal, to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 8th day of September, 2023.

*s/James E. Shadid*
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
